Mark Gomez, Esq. (SBN 289164)
Susan Murphy Esq. (SBN 185335)
GOMEZ & SIMONE, APLC
3055 Wilshire Blvd., Suite 550
Los Angeles, CA 90010
T (855) 219-3333/ F (818) 574-6730
sm@gomezsimonelaw.com
info@gomezsimonelaw.com

Attorney for Plaintiff,
AMALIA NECER

# UNITED STATES DISTRICT COURT OF CALIFORNIA FOR THE EASTERN DISTRICT

| | |
|---|---|
| AMALIA NECER, *an individual*<br><br>Plaintiff,<br><br>vs.<br><br>PHH MORTGAGE CORPORATION, a corporation; WESTERN PROGRESSIVE LLC, a limited liability corporation; and DOES 1 through 10, Inclusive;<br><br>Defendants. | Case No:<br><br>**VERIFIED COMPLAINT FOR:**<br>**(1) WRONGFUL FORECLOSURE;**<br>**(2) PROMISSORY ESTOPPEL;**<br>**(3) BREACH OF CONTRACT;**<br>**(4) FRAUD;**<br>**(5) VIOLATION OF THE BUSINESS AND PROFESSIONS CODE §17200 et al.** |

COMES NOW Plaintiff AMALIA NECER (Plaintiff) by and through her counsel to complain against Defendant PHH Mortgage Corporation (PHH) and

Trustee Western Progressive LLC (WESTERN PROGRESSIVE) for WRONGFUL FORECLOSURE by a process known as "dual tracking" and also for causes of action for PROMISSORY ESTOPPEL, BREACH of CONTRACT, FRAUD and Violation of the Business and Professions Code §17200 et al. and pleads as follows:

## INTRODUCTION

1.  In May of 2021, Plaintiff had a trial payment plan (TPP) in place with her mortgage servicer PHH for May, June, and July (2021) and she made all three payments of **$2129.21** by Cashier's Check well before the date they were due. (**Exhibit C [TPP approved 5-1-2021]**; **Exhibit D [Cashier's Check #1-cleared 4-14-2021]; Exhibit E [Cashier's Check #2- cleared 5-21-2021]**; **Exhibit F [Receipt for Cashier's Check #3 Issued 6-24-2021]**.) Defendant then denied Plaintiff's modification by claiming that Plaintiff's last cashier's check from Chase Bank (CHASE) had been returned even though Plaintiff confirmed with CHASE that the cashier's check had cleared. (**Exhibit G [PHH letter 7-9-2021].**) To stave off foreclosure, and "reverse the modification denial," on November 2, 2021, Defendant PHH then demanded a subsequent payment of **$10,646.05**, to be received before November 30, 2021. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].**) On November 17, 2021, Plaintiff requested Defendant's agent where to send the cashier's check for **$10,646.05**. (Exhibit I [cashier's check **$10,646.05**].) Plaintiff followed the instructions of Defendant PHH's agent, and

the check was received by Defendant PHH in Chicago on 11-20-2021 at 11:40 am. (**Exhibit J [Tracking of cashier's check]**.)  Despite, receiving the check, and despite promising Plaintiff that she had until November 30, 2021 to deliver the check, Defendant PHH sold Plaintiff's home on November 24, 2021, right before the Thanksgiving holiday. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)]; Exhibit K [Recorded Notice of Trustee's Sale].**)

## SUBJECT REAL PROPERTY AT ISSUE

2.    The real property that is the subject of the instant action is located at 13608 Providence Place, Bakersfield California 93314 (Providence Place) and is legally described as:

> "LOT 1 OF TRACT 6033, IN THE CITY OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED SEPTEMBER 28, 2004 IN BOOK 52, PAGE 21 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER, OF SAID COUNTY.
>
> EXCEPT 1/2 OF ALL OIL, GAS, PETROLEUM OR OTHER HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND OR THAT MAY BE PRODUCED AND SAVED THEREFROM, TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE AND REMOVE THE SAME, AS RESERVED BY J GLENN MARKS AND MARGARET M. MARKS, HIS WIFE, AS TO AN UNDIVIDED 5/6THS INTEREST; MABLE M. MARKS AND ULELA V. ENNS, AS TO AN UNDIVIDED 1/6TH INTEREST, IN DEED RECORDED MARCH 13, 1946 IN BOOK 1279, PAGE 332 OF OFFICIAL RECORDS.
>
> BY "QUITCLAIM DEED" RECORDED OCTOBER 4, 2000 AS DOCUMENT NO. 0200124359 OF OFFICIAL RECORDS, AN UNDIVIDED 5/6THS INTEREST OF

ALL RIGHTS TO THE SURFACE AND THE SUBSURFACE THEREOF TO A DEPTH OF 500 FEET BELOW THE SURFACE WERE QUITCLAIMED.

ALSO EXCEPT ALL REMAINING OIL, GAS AND OTHER MINERALS WITHIN OR UNDERLYING SAID LAND, OR THAT MAY BE PRODUCED AND SAVED THEREFROM PROVIDED THAT THE GRANTOR, HIS SUCCESSORS AND ASSIGNS SHALL NOT CONDUCT DRILLING OR OTHER OPERATIONS UPON THE SURFACE OF SAID LAND, BUT NOTHING HEREIN CONTAINED SHALL BE DEEMED TO PREVENT THE GRANTOR, HIS SUCCESSORS AND ASSIGNS FROM EXTRACTING OR CAPTURING SAID MINERALS BY DRILLING ON ADJACENT OR NEIGHBORING LANDS AND/ OR FROM CONDUCTING SUBSURFACE DRILLING OPERATIONS UNDER SAID LANDS AT A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND, SO AS NOT TO DISTURB THE SURFACE THEREOF OR ANY IMPROVEMENTS THEREON, AS RESERVED BY RICHARD J. FROEHLICH, TRUSTEE, FROEHLICH LIVING TRUST DATED AUGUST 5, 1991, RECORDED OCTOBER 26, 2000 AS DOCUMENT NO. 0200136652 OF OFFICIAL RECORDS.

APN 495-380-10-00." (**Exhibit A [Grant Deed]**.)

## JURISDICTION AND VENUE

3. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the Plaintiff is of different citizenship than all defendants.

4. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) to hear the pendent state law claims that arise from the same case or controversy under Article III of the United States Constitution.

5. This Court has Personal Jurisdiction over the parties because the acts giving rise to the allegations herein occurred, or failed to occur, in the County of Kern, State of California. (*Cal. Code of Civil Procedure §760.040(a)*.)

## PARTIES

4. Plaintiff, Amalia Necer (Plaintiff), is now, and at all times mentioned herein has been an individual residing in the ***County of Kern, in the State of California***. At all times relevant to this Complaint, unless otherwise specified, Plaintiff maintained equity in Providence Place.

5. Defendant PHH Mortgage Corporation (PHH), formerly Ocwen Financial Corporation, is a ***New Jersey Corporation*** in the business of mortgage servicing company with its principle executive Offices at 1 Mortgage Way Mount Laurel, New Jersey 08054.

6. Defendant Western Progressive LLC (WESTERN PROGRESSIVE) is a ***Delaware Corporation*** with its principal place of business being ***40 Avenue Monterrey Luxembourg City, Germany L-2163*** and its principal Executive Office on ***1661 Worthington Road, Suite 100 West Palm Beach Florida 33409***.

9. Plaintiff does not know the true names, capacities, or basis for liability of defendants sued as Does 1 through Doe 20. Each fictitiously named Defendant is

in some manner liable to the Plaintiff, or claims some right, title or interest in Providence Place.

## GENERAL ALLEGATIONS

10.     Plaintiff obtained title to Providence Place on October 31, 2005, with a purchase money first and second mortgage from IndyMac Bank FSB (INDYMAC); the first deed of trust being the subject of the foreclosure action. (**Exhibit A [Grant Deed]; Exhibit B [Interspousal Grant Deed]; Exhibit K [NOTS 10-31-2005]; Exhibit M [IndyMac first DOT]**.)

11.     Plaintiff received a modification of this mortgage on May 1, 2021. (**Exhibit C [TPP approval letter 5-1-2021]**.) In April, May and June, Plaintiff made all three TPP payments in the amount of **$2129.21** each. **(Exhibit D [Cashier's Check #1-cleared 4-14-2021]; Exhibit E [Cashier's Check #2- cleared 5-21-2021**]; **Exhibit F [Cashier's Check #3 Issued 6-24-2021]**.)

12.     Around July 1, 2021, Plaintiff began calling Defendant PHH to find out what she was to do next, and Defendant's agent told her that the Cashier's check "*had not cleared.*" However, when Plaintiff checked with Chase Bank, she learned that the check had cleared. Shortly thereafter, around July 11, 2021, Plaintiff received a letter saying that her payment had "*been returned,*" and telling her to refer to her banking institution. (**Exhibit G [PHH letter 7-9-2021].**) This time Plaintiff went to the Chase Bank branch in person and spoke to a teller who told her again that the check had not been returned.

2. On October 12, 2021, a Notice of Trustee's Sale was recorded with the Kern County Recorder. (**Exhibit K [Recorded Notice of Trustee's Sale].**) Around October 20, 2021, Plaintiff received a version of this Notice that did not contain the recorder's stamp (**Exhibit L [Unrecorded Notice of Trustee's Sale].**)

13. Shortly after this, around November 2, 2021, a subsequent letter from Defendant PHH told Plaintiff that the July TPP payment was returned by CHASE for the reason of "*Account Not Recorded*" with no explanation for what that meant. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].**)  That November 2, 2021, letter also demanded a payment of **$10,646.05** in order to review and potentially "reverse the modification denial" which Defendant stipulated had to be received by Defendant PHH "before the end of this month." (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].**)

14. On November 3, 2021, when Plaintiff called Defendant PHH, Defendant's agent Gerald (PH3) told Plaintiff that the sale date was "suspended."  Defendant's agent Gerald set up an appointment for November 24, 2021, for Plaintiff to receive a call from a relationship manager and told her that she would receive a call.

15. On November 17, 2021, the date that Plaintiff mailed her cashier's check for **$10,646.05**, Plaintiff called Defendant PHH and spoke to Defendant's agent Akilla (#91D) the sale date and Defendant's agent said everything was "okay" and to send the check. Defendant's agent Akilla gave Plaintiff the following address to send the cashier's check to which was:

Customer Resolution
PHH Mortgage Services
Attn: P.O. Box 94087
5505 N. Cumberland Avenue Suite 307
Chicago Illinois 60656

16. On November 17, 2021, Plaintiff sent the **$10,646.05**, by overnight delivery and it was received at the Chicago location on November 20, 2021, and signed for by J. Reband. (**Exhibit J [Tracking of cashier's check]**.) Over the next two days, Plaintiff made multiple calls to find out the status of her payment and also made calls to bankruptcy attorneys in case she needed to stop the sale with a chapter thirteen bankruptcy to give her a chance to sell the property and save her equity.

17. On November 24, 2021, around 8am Defendant PHH's agent Phillip (#PB5) called Plaintiff and told her not to worry, that her cashier's check was being "processed" so Plaintiff did not file for bankruptcy. Plaintiff called back later that day to find out the status of her payment and another agent (#C34) told her that the property had been sold to Jamal Abed, Plaintiff's neighbor. This agent (#C34) told her it looked like the sale date was "suspended" but that the "suspension" got released the next day. On November 24, 2021, Defendant PHH and Defendant WESTERN PROGRESSIVE sold Providence Place at foreclosure sale.

### FIRST CAUSE OF ACTION
*To Set Aside a Wrongful Foreclosure*
**(Against all parties)**

18. Plaintiff hereby incorporates by reference each preceding paragraph as if the same were fully set forth herein.

19.  The elements of a cause of action to set aside a foreclosure sale are 1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in ta mortgage or deed of trust; (2) the party attacking the sale suffered prejudice or harm; and (3) the trustor or mortgagor tenders the amount of the secured indebtedness or was excused from tendering. *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 104, 134 Cal. Rptr. 3d 622 (2011). The first element may be satisfied by allegations that (1) the trustee or beneficiary failed to comply with the statutory procedural requirements for the notice or conduct of the sale; (2) the trustee did not have the power to foreclose; (3) the trustor was not in default, no breach had occurred, or the lender waived the breach; or (4) the deed of trust was void. *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 800, 154 Cal. Rptr. 3d 285, 301 (2013) citing *Lona,* supra at 104-105. In the instant case, the trustor waived the breach by accepting TPP payments and a lump sum payment to cure the default.

20.  Defendant PHH's claims that the last TPP payment "had not cleared" or had "been returned" or was returned for "account not recorded" are all false claims to avoid compliance with the laws around TPPs and dual tracking. (**Exhibit G [PHH letter 7-9-2021]; (Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].)**  It was also a clever way to extort another **$10,646.05** from Plaintiff to "reverse the denial." (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].)**

21. Cal. Civil Code § 2923.6 was amended in 2012 to prohibit dual tracking, meaning leading a person to believe their modification was being considered while simultaneously foreclosing. In *Wigod*, the court held that a TPP was not merely "an agreement to agree," but an enforceable contract. *Wigod v. Wells Fargo Bank, N.A.* 673 F.3d 547, 564 (7th Cir. 2012). Following *Wigod*, the court in *West v. JP Morgan Chase* held that a borrower that had complied with a TPP, must be offered a permanent modification. *West v. JP Morgan Chase Bank N.A.,* 214 Cal. App. 4th 780, 798, 154 Cal. Rptr. 3d 285, 299 (2013). Being aware of all these statutes, Defendant PHH refused to acknowledge receipt of Plaintiff's last TPP payment, to make it seem that she was in default despite the fact that it was due on receipt and had cleared her bank. Then Defendant deceived her into paying another **$10,646.05** to reverse the denial, lied to her that her sale date was "suspended," and "dual tracked" her right into foreclosure two days before Thanksgiving. Because of these actions, Plaintiff demands that the foreclosure sale be set aside.

## SECOND CAUSE OF ACTION
*Promissory Estoppel*
**(Against all parties)**

22. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

23. The elements of promissory estoppel are (1) a promise, (2) the promisor should reasonably expect the promise to induce action or forbearance on the part of the promisee or a third person, (3) the promise induces action or forbearance by the

promisee or a third person (which we refer to as detrimental reliance) and 4) injustice can be avoided only by enforcement of the promise. *Kajima/ Ray Wilson v. Los Angeles County Metropolitan Transportation Authority,* 23 Cal. 4th 305, 310, 96 Cal. Rptr. 2d 747, 1 P. 3d 64 (200); see Rest. 2d Contracts § 90, subd. (1). In this case there was a promise made by letter, and reinforced by Defendant PHH's agents, that Plaintiff was being considered for a loan modification and that Defendant would not foreclose as long as Plaintiff complied with the TPP. (**Exhibit C [TPP approval letter 5-1-2021]**.)

24.     In the instant case, the promise was "clear and unambiguous in its terms." *Garcia v. World Savings, FSB,* 183 Cal. App. 4th1031, 1044, 107 Cal. Rptr. 3d 683 (2010).  Defendant told Plaintiff if she made the TPP payments she would get a modification. (**Exhibit C [TPP approval letter 5-1-2021]**.)  Plaintiff reasonably expected the promise to be kept because she kept her part of the promise and timely mailed in all three payments in the form of cashier's checks. (**Exhibit D [Cashier's Check #1-cleared 4-14-2021]; Exhibit E [Cashier's Check #2-cleared 5-21-2021**]; **Exhibit F [Proof of Cashier's Check #3 Issued 6-24-2021]**.) Allegations of compliance with the TPP and failure by the bank to offer a permanent loan modification have been held to support claims for breach of contract or promissory estoppel. *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1174, 201 Cal. Rptr. 3d 390, 412 (2016) citing *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 555 (7th Cir. 2012)

25. Defendant further induced Plaintiff's reliance by telling her that her modification would be re-considered (denial reversed) if she would send another check for **$10,646.05** before the end of the month. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].**)  Plaintiff had filed a Chapter 7 bankruptcy in 2011 which was discharged so she knew she was eligible for an automatic stay if she wanted to stay the foreclosure and sell Providence Place through a Chapter Thirteen which she was considering. Plaintiff was just about to exercise this remedy when Defendant's agent insured her reliance on their false promise by telling her that her sale had been "suspended," leading her to believe that her check had been received and the modification would then proceed.

### THIRD CAUSE OF ACTION
*Breach of Contract*
**(Against All Defendants)**

26. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

27. A TPP is an enforceable contract. *Wigod*, supra at 564. Despite Defendant PHH's claim that Plaintiff did not comply with the terms of the TPP, the evidence that she did is that Defendant PHH deposited the check. This makes Defendant the one in breach.

28. Pursuant to Plaintiff's mortgage contract, which the TPP modifies, Defendant is entitled to attorney fees for enforcing their rights under the contract,

meaning that Plaintiff is entitled to attorney fees as well. (Exhibit M [Deed of Trust ¶9].)

29. Defendant's later actions in extorting another **$10,646.05** from Plaintiff under the false pretense that Defendant needed that sum to "reverse the denial," show that this breach was intentional because they told Plaintiff that the check had to be received by "the end of this month," which was six days after the foreclosure sale date. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)].**)

## FOURTH CAUSE OF ACTION
*Fraud*
(Against all parties)

30. Plaintiff hereby incorporates by reference each preceding paragraph as if the same were fully set forth herein.

31. The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. *Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). The elements of negligent misrepresentation are the same except for the second element, which for negligent misrepresentation is the defendant made the representation without reasonable ground for believing it to be true. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.,* 196 Cal.App.4th 1559, 1573, 127 Cal.Rptr.3d 589 (2011); *National*

*Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.* (2009) 171 Cal.App.4th 35, 50, 89 Cal.Rptr.3d 473.)

32. Under California law, a promise made without any intention of performing it" is also actual fraud. *Bushell v. JP Morgan Chase Bank, N.A.,* 220 Cal. App. 4th 915, 930, 163 Cal. Rptr. 3d 539, 551 (2013); Cal. Civ. Code §1572, subd. 4; 1 Witkin, Summary of Cal. Law (10th ed. 2005 Contracts §293, p.230.

33. Punitive fraud damages are recoverable in actions involving intentional, but not negligent misrepresentations. Cal. Civ. Code §3294; *Wyatt v. Union Mortgage Co.,* 24 Cal. 3d 773, 790, 157 Cal. Rptr. 392, 598 P.2d 45 (1979). Plaintiff seeks punitive damages in the amount of $500,000.00 to penalize Defendant PHH and deter them from engaging in similar wrongful conduct in the future.

**FIFTH CAUSE OF ACTION**
*Violation of the Business and Professions Code §17200 et al.*
(Against all parties)

34. Plaintiff hereby incorporates by reference each preceding paragraph as if the same were fully set forth herein.

35. Business and Professions Code §17200, the unfair competition law, permits civil recovery for "any unlawful, unfair or fraudulent business act or practice." *Rufini v. CitiMortgage, Inc.,* 227 Cal. App. 4th 299, 310, 173 Cal. Rptr. 3d 422, 431 (2014), as modified on denial of reh'g (July 22, 2014)

36. The statutory language referring to 'any unlawful, unfair *or* fraudulent' practice (italics added) makes clear that a practice may be deemed unfair even if

not specifically proscribed by some other law. *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527(1999). Business and Professions Code section 17200 is written in the disjunctive and establishes three varieties of unfair competition--acts or practices which are unlawful, or unfair, or fraudulent and a practice can be prohibited as 'unfair' or 'deceptive' *even if not 'unlawful'* and vice versa."'" (*Cal-Tech,* supra at 180, 83 Cal.Rptr.2d 548, 973 P.2d 527, italics added; see also *Yanting Zhang v. Superior Court* (2013) 57 Cal.4th 364, 370, 159 Cal.Rptr.3d 672, 304 P.3d 163.)

37.     Cal. Civil Code § 2923.6 was amended in 2012 to prohibit dual tracking, meaning leading a person to believe their modification was being considered while simultaneously foreclosing**.** Dual tracking of loan modification application and foreclosure violates the UCL both as a violation of statute and because it is unfair and deceptive.

38.     The two remedies available to redress violations of the UCL are injunctive relief and restitution. *Feitelberg* v. *Credit Suisse First Boston, LLC,* 134 Cal.App.4th 997, 1012 (2005). Restitution means "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co.* v. *Lockheed Martin Corp.,* 29 Ca1.4th 1134, 1149 (2003). Restitution necessarily requires that "money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Kwikset Corp. V. Superior Court*, 51 Ca1.4th 310, 336 (2011). Plaintiff

therefore seeks restitution of Providence Place by reversal of the foreclosure sale as well as the three TPP payments of **$2129.21** (**total $13,600.57**) paid to Defendant PHH and the lump sum she additionally paid for **$10,646.05**.

39.     According to California Civil Code §3294 "where is it proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." In this context, malice requires that the defendant be *either* [emphasis added] "motivated by hatred or ill will towards the plaintiff' or "lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiffs' rights." *Nguyen v. JP Morgan Chase Bank N.A.*, No. 12-CV-04183, 2013 U.S. Dist. LEXIS 69362, at *9 (N.D. Cal. May 15,2013.) In this case, Defendant lacked reasonable grounds for the promise they made in the letter of November 9, 2021, agreeing to reconsider the modification denial if they got a check from Plaintiff before November 30, 2021, when a foreclosure sale date remained scheduled for November 24, 2021. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)]**; **Exhibit K [Recorded Notice of Trustee's Sale].)**  By their actions, and by the fact that a foreclosure sale was scheduled before the time they gave Plaintiff to provide the **$10,646.05** check, Defendant PFF lacked reasonable ground for belief in the truth of their promise that they were going to "review" Plaintiff's "loan modification denial," and they acted in reckless disregard for

Plaintiff. (**Exhibit H [PHH letter 11-2-2021 (reverse denial $10,646.05)]**; **Exhibit K [Recorded Notice of Trustee's Sale]**; *Nguyen,* **supra at *9**.) For these reasons, Plaintiff seeks punitive damages under the UCL in the amount of $500,000.00.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a) Plaintiff prays for an ORDER by this Court that the wrongful foreclosure sale is to be reversed and title is to be returned to Plaintiff.

b) Plaintiff seeks attorney fees incurred for Breach of Contract as provided for Par. 9 of the deed of trust attached to the complaint as exhibit M.

c) Pursuant to the UCL, Plaintiff seeks restitution of the **$24,246.62** which she paid to Defendant PHH for loan modification which consisted of three trial payments of **$2129.21** in April, May, and June of 2021, and the **$10,646.05** that she paid to Defendant PHH on November 17, 2021.

d) Pursuant to the UCL, Plaintiff also seeks reinstatement of her mortgage to return her to the status quo.

e) Plaintiff seeks punitive damages in the amount of $500,000.00 for fraud by intentional misrepresentation pursuant to Cal. Civ. Code §3294.

f) Punitive damages in the amount of $500,000.00 pursuant to the UCL for Defendant PHH's reckless disregard of Plaintiff's rights.

Dated: December 6, 2021

GOMEZ & SIMONE,
A Professional Law Corporation

By: /s/ SMM
Susan M. Murphy.
Attorney for Plaintiff,
AMALIA NECER